O’NIELL, J.
Mrs. Lillie Hartnett Purlong sued the heirs at law of the deceased, Mrs. Carstens, to be recognized as a creditor of the succession for a sum equal to $25 a month from the 2d of April, 1S98, to the 9th I of January, 1914, and for the additional sum *115 of $50. The principal demand is for services alleged to have been rendered by the claimant as agent, confidential adviser, rent collector, and general representative of Mrs. Carstens. The claim of $50 is for the unpaid balance of a commission of $100, earned by selling certain property of Mrs. Carstens.
The action for compensation for services rendered at $25 a month, for 15 years, 9 months - and 1 week, is not founded upon a contract, but on a quantum meruit. The plaintiff alleged in her petition that Mrs. Carstens had paid her $5 a month during the time of her employment, not as compensation for the services rendered, ,but for expenses incident to the employment, and that all of the money so received, and sometimes more, was needed and spent for expenses.
The claim for the balance of $50 due on the commission was proven, and there is no evidence to dispute it. The defense to the other claim for services is that the $5 a month paid to the plaintiff during her employment was in full compensation for the services she rendered, and was paid and accepted with that understanding and intention. The defendants also pleaded the prescription of three years, under article 3538, R. C. C.', to the claim for services rendered more than three years before the suit was filed. Judgment was rendered in favor of the claimant for $651, and the heirs of Mrs. Carstens prosecute this appeal.
We are not informed of the method of calculation by which the amount of the judgment was computed; but we assume that $601 of the amount allowed is for services rendered within the last three years preceding the service of citation, and that the court held the balance of the claim prescribed.
[1, 2] The services rendered, according to the testimony of the claimant, were mainly those of a secretary, attending to the empldyer’s correspondence, collections, etc. No reason is advanced why the prescription should not apply to the claim for services rendered prior to the 21st of July, 1912. Mrs. Carstens died 1 year 5 months and 18 days thereafter; that is, on the 9 th of January, 1914. The claimant was married on the 29th of January, 1913, and left the state a few months later. She had been absent 4 months —perhaps 6 or 7 months — when Mrs. Carstens died. Therefore the only part of the claim for services at $25 a month that is not prescribed covers a period of about 1 year. During that time Mrs. Carstens had only two houses, one in which she lived and another rented at $14 a month.
However, the evidence in support of the defendants’ plea that the claimant accepted the $5 a month in full compensation and satisfaction for her services is decidedly against her. Six of the defendants and seven disinterested witnesses testified-that the claimant, complaining of the smallness of the compensation, very often admitted that she was getting only $5 a month for her services. Their testimony is not contradicted, except by that of the claimant herself. Under the circumstances, we are constrained to hold that the claimant has failed to prove her demand for more than $50.
The judgment appealed from is amended by reducing the amount to $50, and, as amended, it is affirmed. The appellants are to pay the costs in the district court, and the appellee the costs of appeal.
LECHE, J., takes no part.